

# Fourth Court of Appeals
## San Antonio, Texas

July 15, 2013

No. 04-13-00086-CV

**ONE (1) 1992 CHEVROLET PK, 1GCEC14Z4NE164549**,
Appellant

v.

**THE STATE OF TEXAS**,
Appellee

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CI-13890
Honorable Laura Salinas, Judge Presiding

# O R D E R

Appellant's brief was due on May 6, 2013. *See* TEX. R. APP. P. 38.6(a). When no brief or motion for extension of time had been filed, on May 16, 2013, we ordered Appellant to show cause in writing by May 28, 2013, why this appeal should not be dismissed for want of prosecution. *See id.* TEX. R. APP. P. 38.8(a). On the due date, Appellant filed a response to our May 16, 2013 order, and we granted Appellant's motion for extension of time to file the brief until July 3, 2013. On July 8, 2013, Appellant filed a second motion for extension of time to file the brief until August 2, 3013, for a total extension of sixty days.

Appellant's motion for extension of time to file his brief is GRANTED. Appellant's brief must be filed with this court not later than August 2, 2013. *See* TEX. R. APP. P. 38.6(d).

**NO FURTHER EXTENSIONS OF TIME WILL BE GRANTED.** If Appellant fails to file his brief by August 2, 2013, the court may dismiss this appeal for want of prosecution. *See id.* R. 38.8(a)(1), 42.3(b).

Appellant also filed a motion for extended law library use. He complains that the prison authorities' limits on his access to the law library are hindering his ability to prepare his brief.

Prison authorities must provide a *pro se* inmate with reasonable access to an adequate law library. *See Bounds v. Smith*, 430 U.S. 817, 821, 828 (1977); *Dunn v. State*, 819 S.W.2d 510,

525 (Tex. Crim. App. 1991); *Thomas v. Brown*, 927 S.W.2d 122, 125–26 (Tex. App.—Houston [14th Dist.] 1996, writ denied). However, a penal institution may limit an inmate's access to a law library if the limitation is "reasonably related to legitimate penological interests." *Thomas*, 927 S.W.2d at 126 (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987) ("[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.")).

Appellant's motion for extended law library use is DENIED without prejudice. *See Thomas*, 927 S.W.2d at 125–26 (requiring an inmate to show both unreasonable access and actual injury).

Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 15th day of July, 2013.

Keith E. Hottle
Clerk of Court